**JACOBS DEBRAUWERE LLP**
445 Park Avenue, 17th Floor
New York, NY 10022
(212) 207-8787
(212) 207-8727
Arthur J. Jacobs (AJ-5008)
John J. Lynch (JL-8196)
John F. Burleigh (JB-3240)
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------- x
MARTIN A. LEHMAN,
                                        :
                        Plaintiff,      :   Case No. 07 CV 2291
                                        :   Bianco, J., Wall, M.J.
        -against-                       
                                        :   **ECF FILED**
FOX CABLE NETWORKS, INC., FOX           
REALITY.COM, TERMITE ART PRODUCTION     :   **ANSWER**
DOCUMENTARIES, INC., ERIC J. NELSON and 
LIONS GATE ENTERTAINMENT, INC.          :

                        Defendants.     :
-------------------------------------- x

Defendants Fox Cable Networks, Inc., Fox Reality.Com, Termite Art Production Documentaries, Inc., Erik J. Nelson (sued herein as "Eric" J. Nelson) and Lions Gate Entertainment, Inc., by their undersigned attorneys, as and for their Answer to the Complaint of Martin A. Lehman, allege as follows:

1.      Deny the factual allegations contained in paragraph 1 of the Complaint and aver that the remaining allegations therein state legal conclusions to which no response is required.

2.      With respect to the allegations contained in paragraph 2 of the Complaint, admit that the program "Busted on the Job II" was aired on or about Sunday, May 20, 2007 in the Florida and other markets.

3. With respect to the allegations contained in paragraph 3 of the Complaint, admit that all defendants reside or have their place of business in the State of California, and aver that the remaining allegations therein state legal conclusions to which no response is required.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint.

5. Admit the allegations of paragraph 5 of the Complaint.

6. With respect to the allegations of paragraph 6 of the Complaint, deny that Fox Cable Networks, Inc. owns a business enterprise named "Fox Reality.Com", and alleges that Fox Cable Networks, Inc. does wholly own "Fox Reality Channel, Inc.", a Delaware corporation licensed to do business in California.

7. Deny the allegations of paragraph 7 of the Complaint.

8. Deny the allegations of paragraph 8 of the Complaint.

9. Admit the allegations of paragraph 9 of the Complaint.

10. Admit the allegations of paragraph 10 of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint.

13. With respect to the allegations of paragraph 13 of the Complaint, admit that Fox Reality.Com broadcast in markets throughout the United States the program "Busted on the Job II" on May 20, 2007, and otherwise deny the remaining allegations therein.

14. Deny the allegations of paragraph 14 of the Complaint.

15. Deny the allegations of paragraph 15 of the Complaint, except deny knowledge or information sufficient to form a belief as to the allegations in the last sentence of paragraph 15 of the Complaint.

16. With respect to the allegations of paragraph 16 of the Complaint, admit that the narrator of the program "Busted on the Job II" that was aired on May 20, 2007 made the quoted statements; deny knowledge or information sufficient to form a belief as to whether the examination shown therein was part of a follow-up visit; and otherwise deny the remaining allegations contained in paragraph 16 of the Complaint.

17. With respect to the allegations of paragraph 17 of the Complaint, admit that the narrator of the program "Busted on the Job II" that was aired on May 20, 2007 made the quoted statement; deny the allegations of the second sentence thereof; and deny knowledge or information sufficient to form a belief as to the allegations of the third sentence thereof.

18. Deny the allegations of paragraph 18 of the Complaint.

19. As and for their response to the allegations contained in paragraph 19 of the Complaint, Defendants repeat and reallege their responses to paragraphs 10-18 of the Complaint as if fully set forth herein.

20. Deny the allegations of paragraph 20 of the Complaint.

21. As and for their response to the allegations contained in paragraph 21 of the Complaint, Defendants repeat and reallege their responses to paragraphs 10-18 of the Complaint as if fully set forth herein.

22. Deny the allegations contained in paragraph 22 of the Complaint.

23. As and for their response to the allegations contained in paragraph 23 of the Complaint, Defendants repeat and reallege their responses to paragraphs 10-18 of the Complaint as if fully set forth herein.

24. Deny the allegations of paragraph 24 of the Complaint.

25. As and for their response to the allegations contained in paragraph 25 of the Complaint, Defendants repeat and reallege their responses to paragraphs 10-18 of the Complaint as if fully set forth herein.

26. Deny the allegations of paragraph 26 of the Complaint.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof of any defense that rests with plaintiff, Defendants state as follows:

1. The Complaint, and each of the claims for relief alleged therein, in whole or in part, fails to state a claim upon which relief may be granted.

2. The Complaint, and each of the claims for relief alleged therein, is barred by the Statute of Limitations.

3. The supposed defamatory statements alleged in the Complaint were not of or concerning Plaintiff, and Plaintiff therefore was not defamed or otherwise damaged thereby.

4. The supposed defamatory broadcast does not identify plaintiff by image, voice or words.

5. The supposed defamatory statements alleged in the Complaint were substantially true in substance and in fact.

6. Defendants had reason to believe that the supposed defamatory statements alleged in the Complaint were true in substance and in fact.

7. The supposed defamatory statements alleged in the Complaint were statements of opinion and not statements of fact, and as such cannot form the basis of a defamation claim.

8. The supposed defamatory statements alleged in the Complaint were privileged in that they constituted fair comment regarding, and criticism of, Plaintiff, and they were made without actual malice or reckless disregard for the truth and without gross irresponsibility.

9. The supposed defamatory statements alleged in the Complaint were made without actual malice or reckless disregard for the truth and without gross irresponsibility.

10. The supposed defamatory statements alleged in the Complaint were made without malice.

11. The supposed defamatory statements alleged in the Complaint were privileged in that they constituted fair reporting regarding a matter of public concern, and they were made without actual malice or reckless disregard for the truth and without gross irresponsibility.

12. Any damage to plaintiff's reputation was the result of plaintiff's own actions, including his calling attention to subject programs in which he is not otherwise identifiable.

13. The Complaint, and each of the claims for relief alleged therein, must be dismissed as to Defendants Eric J. Nelson and Termite Art Productions Documentaries Inc. because they were not responsible for the republication of the program containing the supposed defamatory statements alleged in the Complaint.

14. The Complaint, and each of the claims for relief alleged therein, must be dismissed as to Defendants Erik J. Nelson and Termite Art Productions Documentaries Inc. because this Court lacks personal jurisdiction over them.

15. The Complaint, and each of the claims for relief alleged therein, must be dismissed as to each of the Defendants because of insufficient service of process.

16.  Defendants are not persons "specified in [New York State Criminal Procedure Law section 215.70(3)] or section 215.70 of the [New York State] penal law" who are prohibited from disclosure of grand jury proceedings under the provisions of New York State Criminal Procedure Law section 215.70(5).

17.  New York State Criminal Procedure Law section 215.70(5) does not provide for a civil cause of action for damages.

18.  Defendants lawfully obtained the videotapes that are the subject of this action.

**WHEREFORE**, Defendants respectfully request and pray as follows:

1.  That Plaintiff takes nothing by the Complaint;

2.  That the Complaint be dismissed it its entirety, with prejudice, against each of the Defendants;

3.  For such other and further relief as the Court deems just and proper.

Dated: New York, New York
       July 18, 2007

**JACOBS DEBRAUWERE LLP**

By: _____
**John F. Burleigh (JB-3240)**
Attorneys for Defendants
445 Park Avenue, 17th Floor
New York, NY 10022
(212) 207-8787

**JACOBS DEBRAUWERE LLP**
445 Park Avenue, 17th Floor
New York, NY 10022
(212) 207-8787
(212) 207-8727
Arthur J. Jacobs (AJ-5008)
John J. Lynch (JL-8196)
John F. Burleigh (JB-3240)
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------x
MARTIN A. LEHMAN,

                    Plaintiff,

    -against-

FOX CABLE NETWORKS, INC., FOX
REALITY.COM, TERMITE ART PRODUCTION
DOCUMENTARIES, INC., ERIC J. NELSON and
LIONS GATE ENTERTAINMENT, INC.

                    Defendants.
-------------------------------------x

Case No. 07 CV 2291
Bianco, J., Wall, M.J.

**ECF FILED**

**DECLARATION OF SERVICE**

    John F. Burleigh, pursuant to 28 U.S.C. § 1746, declares and says as follows:

    On the 18th day of July 2007, around 11:30 p.m., I placed defendants' Answer in an envelope designated for delivery by the United States Postal Service, with appropriate postage thereon, addressed to plaintiff *pro se* Martin A Lehman, 308 Elm Street, West Hempstead, NY 11552 and caused such envelope to be taken to a receptacle designated for delivery by the USPS.

    I swear under the penalties of perjury of the laws of United States that the foregoing is true and correct.

Dated: New York, New York
       July 18, 2007

                                            _____
                                            John F. Burleigh