**INDIVIDUAL MOTION PRACTICES OF**
**MAGISTRATE JUDGE WILLIAM D. WALL**
100 Federal Plaza
P.O. Box 9014
Central Islip, NY 11722-9014
Courtroom 820
Contact:   Criminal matters: Tom Talbott at (631) 712-5724
Civil matters:  Law Clerks at (631) 712-5720

**THESE INDIVIDUAL RULES ARE IN EFFECT AS OF DECEMBER 15, 2005**

**1. Electronic Case Filing (ECF)**

A.  Regardless of the district judge assigned, **all documents** directed to Magistrate Judge Wall in civil actions filed after October 1, 2002 MUST be filed electronically, with limited exceptions as stated in paragraph 1(E), infra.  ECF procedures are available on our Website [http://www.nyed.uscourts.gov].  Questions regarding ECF filing or training should be directed to Cinthia Mahon in Central Islip at (631) 712-6011, or Terry Vaughn in Brooklyn at (718) 613-2331.

B.  All orders issued by Magistrate Judge Wall will be transmitted only electronically.  Hard copies will not be mailed to attorneys.  Accordingly, attorneys are responsible for keeping their e-mail addresses current with the Clerk's Office.

C.  Any letters to Magistrate Judge Wall requesting court intervention, including those sent pursuant to Local Civil Rules 37.1 and 37.3 or requesting an adjournment or extension of discovery deadlines, must be electronically filed under "Motions" and not as a "Letter" under "Other Documents."

D.  With the following exceptions, do NOT send hard copies of electronically filed papers to Chambers.

   i.  Letter motions with exhibits or attachments exceeding 15 pages.

   ii. Referred motions or motions on notice made to Magistrate Judge Wall.  All such papers must be clearly marked "Courtesy Copy" and indicate that the original was filed by ECF.

E.  The following documents are exempt from electronic filing and should only be filed in hard copy:

   i.  Non-text exhibits or materials in excess of 100 pages. If attachments to a letter motion exceed this limit, the movant must electronically file the letter only, indicating in the docket entry that the attachments exceed 100 pages and will be filed in hard copy, and submit the attachments for filing, with a courtesy copy to Magistrate Judge Wall.

1

      ii.    Documents filed under seal or subject to a court-ordered confidentiality agreement.

      iii.    *Ex parte* settlement statements.

F.    *Exemptions.*  Litigants proceeding *pro se* are exempt from ECF requirements.  Attorney requests to be exempt from ECF requirements may be made in writing to Magistrate Judge Wall.  Such requests will be granted only in very limited circumstances.

## 2. Communications with Chambers

A.    *Telephone Calls*.  Telephone calls to chambers are permitted, subject to the rules set forth in paragraph 2(C).  All questions regarding criminal matters should be directed to Tom Talbott at (631) 712-5724.  Other questions should be directed to the main chambers number, (631) 712-5720.

B.    *Faxes*.  Faxes are permitted only in the following circumstances: 1) time sensitive requests that have already been electronically filed, and 2) cases not subject to ECF requirements.  **Faxes may not exceed four pages, including cover sheet and attachments.**  Longer faxes require permission.  Papers faxed to chambers must also be faxed to all other parties**.**

C.    *Requests for Adjournments or Extensions of Time*.  **All requests for adjournments must be made in writing and filed electronically at least 48 hours prior to the scheduled appearance,** absent an emergency.  Requests for adjournments must state the reason an adjournment is needed and whether all parties consent, and should list alternative dates when all parties are available.  Requests for extensions of time must be made in writing, filed electronically, must state the reason the extension is needed, and should, where appropriate, include a proposed amended scheduling order.  Both requests for adjournments and for extensions of time must be filed electronically as "Motions."  See Rule 1(C), supra.  Courtesy copies of time sensitive submissions, such as requests for adjournments, **must also be faxed** to Chambers, subject to the rules set forth in paragraph 2(B), supra.

## 3. Motions

A.    *Discovery or Other Non-Dispositive Motions.*

      i.    <u>Letter Motions</u>:  *Discovery or other non-dispositive motions may be made by letter* motion, pursuant to Local Civil Rules 37.1 and 37.3, and filed electronically as a "Motion."  See Rule 1(C), supra.  No pre-motion conference is required.  Such letter motions may not exceed three pages in length, exclusive of attachments.  A response not exceeding three pages in length, exclusive of attachments, must be served and filed within three business days of receipt of the letter motion.  Replies are not permitted on letter motions.  Parties must make a good faith effort to resolve disputes, including in-person contact either by telephone or in person, **before** making a motion.

      ii.    <u>Motions on Notice</u>: Although parties are encouraged to make discovery and other non-dispositive motions by letter pursuant to Local Rule 37.3, such motions may be made on notice pursuant to Local Civil Rule 6.1 and must comply with paragraph 3(C), infra. No pre-motion conference is required.

B.    *Dispositive Motions.* Dispositive motions, such as motions to dismiss and motions for summary judgment, must be made to the presiding district court judge, in conformance with his or her individual rules, unless the parties have consented to Magistrate Judge Wall's jurisdiction for all purposes in accordance with 28 U.S.C.§ 636 (c)(1).

C.    *General Motion Practices for Motions on Notice Made to Magistrate Judge Wall.*

      i.    <u>Service and filing</u>: Unless otherwise directed by the court, motion papers shall be served in accordance with Local Civil Rule 6.1. Absent extraordinary circumstances, no extensions will be granted. No motion papers shall be filed with the Court until the motion is fully briefed by both sides and exchanges of all papers have been made. All moving papers should be filed electronically on the same filing date, and the moving party is responsible for the filing of all motion papers.

      ii.    <u>Memoranda of Law</u>**:** Unless prior permission has been granted, memoranda of law in support of and in opposition to motions on notice are limited to 25 pages, and reply memoranda are limited to 10 pages. Memoranda of 10 pages or more shall contain a table of contents. Case citations must contain pinpoint cites. All memoranda of law must use one inch margins, double spacing, and 12 point font. Legal argument must be set forth in a memorandum of law–affidavits or affirmations containing legal argument will be rejected. See Local Civil Rule 7.1. **Any memoranda, affidavits, or affirmations not complying with the requirements set forth herein will be rejected.**

      iii.    <u>Courtesy Copies</u>: After electronic filing, one hard copy of the motion papers, clearly marked as "Courtesy Copy," should be submitted to Magistrate Judge Wall. Courtesy copies of dispositive motions made to the District Judge should <u>not</u> be provided to Magistrate Judge Wall.

      iv.    <u>Oral Argument on Motions</u>: Parties may request oral argument. The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

D.    *Summary Judgment Motions in Cases Before Magistrate Judge Wall for All Purposes*

      i.    <u>Statements Pursuant to Local Civil Rule 56.1</u>: Any party wishing to make a motion for summary judgment must first serve upon all parties a statement pursuant to Local Civil Rule 56.1 ("Rule 56.1"), **as amended on March 26, 2004.** If the non-movant party is proceeding *pro se*, the movant must also comply with Local Civil Rule 56.2. Any party receiving a Rule 56.1 statement and wishing to oppose the motion must

        serve on the movant, within seven days of receiving the movant's Rule 56.1 statement, an original and two copies of a counter-statement pursuant to Rule 56.1, **as amended on March 26, 2004.** The parties may agree among themselves to a reasonable extension of time for the non-movant to prepare a Rule 56.1 counter-statement.

    ii.    <u>Pre-Motion Conference</u>:  Should the movant still wish to move for summary judgment after receiving the counter-statement, the movant must write to the Court to request a pre-motion conference.  In no more than two pages, the letter should briefly state the basis for the proposed motion.  The letter shall also enclose copies of the Rule 56.1 statement and counter-statement.  The Rule 56.1 statement and counter-statement should <u>not</u> be filed with the Court prior to the request for a pre-motion conference. Within seven days, the non-movant may submit a responsive letter of no more than two pages, setting forth the nature of the opposition to the motion.

        Any Rule 56.1 statement or counter-statement that does not comply with Rule 56.1 **as amended March 26, 2004**, will be rejected. When the parties have complied with Rule 56.1, the Court will set a date for the pre-motion conference.  A briefing schedule will be established by the Court at that conference.

E.    *Motions for Admission Pro Hac Vice.*  A motion for admission pro hac vice, together with a proposed order admitting the attorney pro hac vice, shall be served and filed electronically. Although there is no need to file a memorandum of law, this motion must comply with Local Civil Rule 1.3.  Upon electronic filing of the motion, the movant must immediately submit a cover letter to the Clerk of the Court in hard copy indicating that the motion was filed electronically and enclosing the pro hac vice admission fee.

**4. Pretrial Procedures in Cases before Magistrate Judge Wall for All Purposes**

A.    *Joint Pretrial Orders*. On the date specified in the scheduling order, the parties shall submit a joint pretrial order that includes the following:

    i.    the full caption of the action;

    ii.    the names, addresses (including firm names), and telephone and fax numbers of trial counsel;

    iii.    a brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction.  Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount;

    iv.    a brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including citations

    to all statutes relied on.  Such summaries shall identify all claims and defenses previously asserted that are not to be tried;

  v.  a statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed;

  vi.  any stipulations or agreed statements of fact or law that have been agreed to by all parties;

  vii.  a list by each party as to the fact and expert witnesses whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition.  Only listed witnesses will be permitted to testify except when good cause is shown;

  viii.  a designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party; and,

  ix.  a schedule listing exhibits to be offered in evidence and, if not admitted by stipulation, the party or parties that will be offering them.  The schedule must also include possible impeachment documents and/or exhibits, as well as exhibits that will be offered only on rebuttal.  The parties must list and briefly describe the basis for any objections that they have to the admissibility of any exhibits to be offered by any other party.  Parties are expected to resolve before trial all issues of authenticity, chain of custody, and related grounds.  Only exhibits listed will be received in evidence except for good cause shown.  All exhibits must be pre-marked for the trial and exchanged with the other parties at least ten days before trial.  Where exhibits are voluminous, they should be placed in binders with tabs.

B. *Filings Prior to Trial*.  Unless otherwise ordered by the Court, each party shall electronically file, fifteen days before the date of commencement of trial:

  i.  in jury cases, requests to charge and proposed voir dire questions.  Requests to charge should be limited to the elements of the claims, the damages sought and defenses.  General instructions will be prepared by the Court.  Proposed jury charges must also be submitted on a 3.5" diskette in WordPerfect format;

  ii.  by claim, a detailed statement regarding damages and other relief sought;

  iii.  in non-jury cases, a statement of the elements of each claim or defense involving such party, together with a summary of the facts relied upon to establish each element;

  iv.  motions in limine; and,

  v.  in any case where such party believes it would be useful, a pretrial memorandum.